NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

DARREN JAMES and ADRIENNE JAMES,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A. and OCWEN LOAN SERVICING LLC,

    Defendants.

Civil Action No. 18-8984-BRM-DEA

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is: (1) Plaintiffs Darren and Adrienne James's ("Plaintiffs") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Monmouth County (ECF Nos. 6, 24); (2) Plaintiffs' Motion to Supplement the Motion to Remand and to Strike Defendants' Answer (ECF No. 9)[1]; and (3) Defendants Wells Fargo ("Wells Fargo") and Ocwen Loan Services' ("Ocwen") (collectively, "Defendants") Motions to Dismiss (ECF Nos. 7, 21). All motions are opposed. Having reviewed the filings submitted in connection with the motions and having heard oral argument pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below and for good cause shown, Plaintiffs' Motion to Remand is **GRANTED**. All other motions are **ADMINISTRATIVELY TERMINATED** and may be refiled in state court if appropriate.

---

[1] Plaintiffs' Motion to Supplement also makes a conclusory request for summary judgment.

## I. BACKGROUND

On March 6, 2018, Plaintiffs filed a complaint in Monmouth County, under docket number L-1053-18. On April 11, 2018, Wells Fargo was served, and on May 9, 2018, pursuant to 28 U.S.C. § 1446(a), Wells Fargo timely removed the case to this Court. Wells Fargo's Notice of Removal sets forth the basis for this Court's jurisdiction and states that, "[u]pon information and belief, Ocwen has not been served with the Complaint yet." (ECF No. 1 ¶ 10.) No further statement regarding Ocwen's consent was made.

On May 22, 2018, within the thirty-day deadline prescribed by 28 U.S.C. § 1447(c) to raise procedural defects, Plaintiffs filed a Motion to Remand. On June 25, 2018, Plaintiffs filed a motion for default judgment as to Ocwen, stating that Ocwen was served on April 11, 2018. (ECF No. 10.) On July 23, 2018, Ocwen filed an appearance and opposed the motion for default judgment, challenging proper service. (ECF No. 17.) On August 10, 2018, the Court denied Plaintiffs' motion for default judgment in light of Ocwen's appearance without reaching a decision regarding the sufficiency of service such that the case may proceed on the merits. (ECF No. 20.) On August 13, 2018, Ocwen moved to dismiss pursuant to Federal Rule of Civil Procedural 12(b)(6). (ECF No. 21.)

## II. LEGAL STANDARD

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time

before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### III. DECISION

The first issue before the Court is whether Plaintiffs' Motion to Remand was timely filed. Defendants contend it was not, arguing any procedural defects were not timely raised and were therefore waived. The Court disagrees. While Plaintiff's Motion to Remand is largely based on Plaintiffs' general objections to Wells Fargo having removed the case from Plaintiffs' selected forum, Plaintiffs: (1) recognized their motion had to be filed within thirty days, indicating to this Court they are raising a procedural defect (ECF No. 6 at 12); and (2) were under the impression Ocwen would continue to defend the case in state court, indicating to this Court that Plaintiffs knew Ocwen had not consented to the removal (*id.* at 10 ("[A]s far as we know the other defendant Ocwen . . . is still keeping the case in state court); and *id.* at 14 ("[W]e have 2 defendants in this case. Ocwen . . . and Wells Fargo []. It would be unreasonable for us, Darren and Adrienne James to have to have this case heard in 2 courts simultaneously, over the same issues.")). Construing *pro se* Plaintiffs' Motion to Remand liberally, the Court finds Plaintiffs have not waived their

3

objection to any procedural defect related to Ocwen's consent.[2] *See, e.g.*, *Alejandro v. Philadelphia Vision Ctr.*, 271 F. Supp. 3d 759, 761–62 (E.D. Pa. 2017) (finding that "plaintiff has filed a timely motion to remand and thus has not waived any defect"); *Mallalieu-Golder Ins. Agency, Inc. v. Exec. Risk Indem., Inc.*, 254 F. Supp. 2d 521, 526 (M.D. Pa. 2003) ("Accordingly, we find that, inasmuch as the removal procedure in this case is a subject of [plaintiff]'s motion to remand, [plaintiff] has not waived the argument of a defect in removal procedure."). Therefore, the Court turns to whether removal was proper.

Defendants contend removal was proper because Ocwen was never properly served and, therefore, its consent was not required.[3] While Ocwen argued insufficient service in opposition to the Plaintiffs' motion for default judgment, it failed to raise that defense in its currently pending 12(b) motion. Therefore, pursuant to Rule 12(h), that defense is waived, and the Court finds service to be sufficient.

Assuming, then, that Ocwen was served on April 11, 2018, Wells Fargo was required to obtain Ocwen's consent for removal pursuant to 28 U.S.C. § 1446(b)(2)(A), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[4] No statement to that effect was set forth in the Notice of Removal. Wells Fargo

---

[2] At oral argument, Plaintiffs confirmed their intent was to raise an objection regarding Ocwen's failure to consent. The Court finds sufficient language in Plaintiffs' motion to support that argument, as set forth above.

[3] Ocwen argues it appeared voluntarily in July 2018 to defend against Plaintiffs' Motion for Default Judgment.

[4] To the extent there are exceptions to this requirement, Defendants have not asserted they apply here. The four exceptions are: (1) nominal parties need not consent; (2) parties fraudulently joined need not consent, *Balazik v. County of Daupin*, 44 F.3d 209, 213 (3d Cir. 1995); (3) under 28 U.S.C. 1441(c), defendants to pure state law claims need not consent if the complaint contains "separate and independent" claims against removing parties over which a federal court has original jurisdiction, *Knowles v. American Tempering Inc.*, 629 F. Supp. 832, 836 (E.D. Pa. 1985); and (4) parties not yet served need not consent, *Balazik*, 44 F.3d at 213.

did not state that they obtained consent from Ocwen, nor did Ocwen affirmatively state, within thirty days of service, that they consented to removal. Even if service is to be considered at a later date, Ocwen's non-objection to removal and appearance nearly three months later is insufficient to consent to this Court's jurisdiction. *See Alejandro,* 271 F. Supp. 3d at 761 ("An expression of no objection to an act of another party does not mean consent to or joinder in what that other party is doing. It is at best an ambiguous signal that cannot meet the requirement of an affirmative written consent to removal as required under § 1446(a) and as articulated in the case law."); *Frankston v. Denniston*, 376 F. Supp. 2d 35, 40 (D. Mass. 2005) (requiring affirmative consent by all defendants, as well as notice to the court, and that a non-objection was insufficient); *Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968) ("[S]ince the right to removal is entirely a creature of statute, the requirement that there be 'some affirmative action by each and every one' of the defendants must be respected.").

The Court is aware that failure of all defendants to consent to removal can be waived since such a defect is not jurisdictional. *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000). However, having reviewed Plaintiffs' motion, the Court finds Plaintiffs did not waive this procedural defect. Having further found that Ocwen did not timely consent to removal as required by 28 U.S.C. § 1446(b)(2)(A), remand is appropriate in this matter.

**IV.    CONCLUSION**

Accordingly, and for good cause appearing, Plaintiffs' Motion to Remand is **GRANTED.** All other motions are **ADMINISTRATIVELY TERMINATED** and may be refiled in state court if appropriate. An appropriate order will follow.

Date: December 17, 2018                                 */s/Brian R. Martinotti*
                                                                        **HON. BRIAN R. MARTINOTTI**
                                                                        **UNITED STATES DISTRICT JUDGE**